**WO** JDN

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Felipe J. Martinez,

Plaintiff,

vs.

James W. Baird, et al.,

Defendants.

No. CV 03-1729-PHX-RCB (LOA)

**ORDER**

Pending before the Court are Plaintiff's Motion to Strike and Motion for Leave to Amend (Doc. #125), and Plaintiff's Motion in Opposition and for Clarification (Doc. #127). The Court will deny the motion to strike and grant the request for clarification.

**I. Motion to Strike and for Leave to Amend**

In his first motion, Plaintiff requests that the Court strike his summary judgment motion, his response to Defendants' summary judgment motion, his response to Defendants' objections, and his reply on his summary judgment motion. Plaintiff contends that his submissions are improperly formatted and voluminous, and he seeks to amend his response to Defendants' Motion for Summary Judgment so that it is easier for the Court to consider his arguments. Notably, Plaintiff asserts that he does not wish to present any new statements of fact or change the substance of the documents previously filed. Defendants filed a response in which they argue that Plaintiff should only be permitted to file a new response to their motion; not a new summary judgment motion (Doc. #124).

Rule 1 of the Federal Rules of Civil Procedure provides that the rules shall be "administered to secure the just, speedy, and inexpensive determination of every action." Striking Plaintiff's previous filings and allowing an amended response and a subsequent reply, would unnecessarily dely this action. Because Plaintiff states that he seeks only to clear up his arguments, not to materially change them, there is no reason to further delay adjudication. The summary judgment motions are now ready for consideration and the Court will proceed. Accordingly, Plaintiff's motion will be denied.

**II. Motion in Opposition and Request for Clarification From the Court**

In his second motion Plaintiff opposes the Court's decision to take Plaintiff's summary judgment motion into consideration. He reasserts his desire for the Court to strike previous filings, and he inquires as to whether the Court will, in fact, consider all of his submissions before issuing a decision on summary judgment. He further asks whether the Court Order dated May 10, 2006 (Doc. #122) allows for him to now file a supplemental reply to Defendants' summary judgement motion. Finally, Plaintiff's own records do not include a Doc. #125, thus, he is confused about the reference to such a docket number.

As indicated *supra*, Doc. #125 is Plaintiff's Motion to Strike and Motion for Leave to Amend. The Court's Order granting Plaintiff's Motion to Amend for Summary Judgment provided that the Court would accept that motion, i.e. Doc. #121, as a supplemental reply; it did not provide for any further supplemental filings from Plaintiff. As the Court is denying Plaintiff's motion to strike, it will consider all submissions previously filed by Plaintiff. To the extent that this Order answers Plaintiff's questions about the docket and the Court's earlier order, his motion is granted.

//

//

//

//

**IT IS ORDERED** that Plaintiff's Motion to Strike and for Leave to Amend (Doc. #125) is **denied**, and Plaintiff's Motion in Opposition and for Clarification (Doc. #127) is

**granted** to the extent that it clarified the docket and the status of the summary judgment proceedings.

DATED this 6th day of July, 2006.

Robert C. Broomfield
Senior United States District Judge